## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| TALITHA AZAROV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO.:   2:18-cv-00484-JTM-APR |
| | ) | |
| SAM'S EAST, INC., DAVID | ) | |
| REITNAUER, JAMES QUACH, | ) | |
| CHARLES SZCZECHOWSKI, and IVAN | ) | |
| COLORATO, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court on the Motion to Compel and Sanctions [DE 85] filed by the plaintiff, Talitha Azarov, on September 13, 2021. It is hereby ordered that the Motion to Compel and Sanctions [DE 85] be **DENIED**.

### *Background*

The plaintiff, Talitha Azarov, initiated this matter on December 21, 2018 against the defendants, Sam's East, Inc., David Reitnauer, James Quach, Charles Szczechowski, and Ivan Colorato, alleging unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964.

The plaintiff filed the instant motion on September 13, 2021. The plaintiff requests that the court order the defendants to produce documents in response to document requests that the plaintiff claims are still outstanding. Additionally, the plaintiff requests that the court order the defendants to supplement their answers to various interrogatories as well as order the defendants to Bates number documents that they have provided in response to plaintiff's document requests. On September 27, 2021, the defendants responded in opposition, and on September 29, 2021, the plaintiff replied.

*Discussion*

First, the plaintiff is requesting that the court order the defendants to produce documents in response to her document requests. The defendant claims that they "ha[ve] already produced the discovery requested," therefore, "there is nothing left to produce." [DE 86 at 2-3]. The plaintiff has not described what documents she thinks are being withheld.  Even so, the court is obligated to accept the defendants' representation that they have produced all requested documents in their possession. The court will not order an attorney to produce documents that he does not have.

Next, the plaintiff claims that the defendants' answers to various interrogatories were deficient. The plaintiff provides no reasoning or argument as to how the answers were deficient. "Undeveloped or unsupported arguments generally lack the reasoning necessary to prevail [on a motion to compel] and are typically waived." ***Estate of Logan v. City of South Bend***, 2021 WL 389412, at *3 (Feb. 3, 2021) (*citing **U.S. v. Parkhurst***, 865 F.3d 509, 524 (7th Cir. 2017)).

Lastly, the plaintiff claims that the defendants have failed to Bates number a significant number of responsive documents. The plaintiff claims that this violates the parties' agreement as set out in the Parties Report of Parties' Planning Meeting.  The defendants do not dispute the agreement made during the planning meeting, however they claim that they have Bates numbered the documents. It should be obvious whether the documents are Bates numbered or not, but neither party provided any documents to support the contention.  If the parties cannot resolve this issue, the court will set a hearing, and sanctions will be imposed against either or both parties.

For the foregoing reasons the Motion to Compel and Sanctions [DE 85] is **DENIED**.

ENTERED this 4th day of October, 2021.

/s/ Andrew P. Rodovich
United States Magistrate Judge