UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TALITHA AZAROV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO.:  2:18-cv-484 |
| | ) | |
| SAM'S EAST, INC., DAVID | ) | |
| REITNAUER, JAMES QUACH, | ) | |
| CHARLES SZCZECHOWSKI, and IVAN | ) | |
| COLORATO, | ) | |
| | | |
| Defendants. | | |

## OPINION AND ORDER

This matter is before the court on the Motion to Compel [DE 100] filed by the defendants, Sam's East, Inc., Davis Reitnauer, James Quach, Charles Szczechowski, and Ivan Colorato, on September 23, 2022, and on the Motion to Submit Surreply to Defendants' Reply in Support of Defendants' Motion to Compel [DE 106] filed by the plaintiff, Talitha Azarov, on October 27, 2022. It is hereby ordered that the Motion to Compel [DE 100] be **GRANTED in part and DENIED in part,** and the Motion to Submit Surreply [DE 106] be **DENIED as moot**.

### Background

The plaintiff, Talitha Azarow, initiated this matter against the defendants on December 21, 2018, alleging violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, as well as state law claims of defamation, battery, assault, and negligence which occurred during the course of her employment with the defendants.

In the instant motion, the defendants are requesting that the court compel the plaintiff to produce information regarding the following topics: the plaintiff's alleged emotional pain and suffering and the damages associated with it; the plaintiff's economic damages and any evidence

of her mitigation of them; audio recordings of two witness interviews conducted by the plaintiff's attorney; the plaintiff's fee agreement with her attorney; the plaintiff's social media activity; and the location of documents in response to the defendants' requests that the plaintiff claims she has already produced.

The plaintiff's response to the instant motion is indirect and incorrectly states that the defendants are claiming that the plaintiff has failed to respond to discovery. The defendants are not arguing that she has not responded, rather they are arguing that the majority of her responses are deficient. As explained in more detail below, the court considers the plaintiff's lack of specific objections to most of the defendants' requests as a waiver.

*Discussion*

Pursuant to **Federal Rule of Civil Procedure 26(b)(1),** the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."   Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978) (citing ***Hickman v. Taylor***, 329 U.S. 495, 501 (1947)).   A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses.  *See* **Federal Rule of Civil Procedure 37(a).**   The party objecting to the discovery request bears the burden of showing why the request is improper.  *See* **McGrath v. Everest Nat'l Ins. Co.,** 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008).   The court has broad discretion when determining matters related to discovery.   ***Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.***, 755 F.3d 832, 837 (7th Cir. 2014).

First, the defendants claim that they are entitled to information regarding the plaintiff's alleged medical damages. In this case, the plaintiff has alleged that she was the victim of an assault

and battery and, as a result, is seeking damages for emotional pain and suffering. The defendants claim that the plaintiff has refused to answer discovery on this topic. They contend that because the plaintiff has put her emotional health at issue, they are entitled to her emotional health information. Specifically, they are requesting the court to compel the plaintiff to fully respond to Interrogatory Nos. 9, 11, 22, and 48. Interrogatory No. 48 requests that the plaintiff execute authorizations for the release of her medical records.

The plaintiff's objections include that these requests require her to answer a legal question, the requests are vague and overbroad, they are an invasion of privacy, and she has not received treatment for any emotional distress that she claims to have incurred as a result of the defendants' conduct in this case.

The plaintiff has put her mental and emotional health at issue, so the defendants are entitled to any relevant information. The defendants are requesting, among other things, that the plaintiff provide contact information and the reasons for the consultation or treatment with medical professionals since the age of 18. This request is overbroad and will be limited to five years preceding the plaintiff's employment. Additionally, any treatment sought during and after her employment is relevant as it relates to her mental and emotional health. Lastly, if the plaintiff claims that she has not sought medical treatment for her alleged injuries, she is still compelled to produce any non-medical information or documents that support her claim for emotional damages. Therefore, the plaintiff is **ORDERED** to fully respond to the defendants Interrogatory Nos. 9, 11, 22, and 48 as well as execute authorizations for the release of her medical records from January 2010, the 5-year period preceding her employment with the defendants, to date.

Next, the defendants are requesting information concerning the plaintiff's alleged economic damages, as well as her mitigation efforts, if any. Specifically, through Interrogatory Nos. 39, 41, and 42, the defendants request all documents that relate to the income, compensation,

or benefits she received following her termination including income from self-employment, or any other source.  The defendants represent that the plaintiff did not object to this request but instead provided "an illegible W-2 for 2018 and a 'Statement of Earnings and Deductions.'" In fact, the defendants claim that the plaintiff agreed to provide W-2's and Forms 1099 for 2015-2019 but has failed to do so.

The defendants are also requesting the plaintiff's income tax returns from 2014-2019, authorizations for her academic, social security tax, military, worker's compensation, and unemployment compensation records relevant to this lawsuit. The plaintiff objects to these requests she never served in the military, received Social Security, or Medicare benefits. Therefore, the requests for authorizations are not designed to seek relevant information. Additionally, while the plaintiff did not directly object, the court finds that her academic records are also irrelevant.

The information regarding all sources of the plaintiff's income during and following her termination from the defendant, including, but not limited to, Form 1099, W-2's, and income tax returns from years 2014-2019, is relevant to the economic damages and possible mitigation in this case. Therefore, the plaintiff is **ORDERED** to produce the above listed information as well as execute authorizations for the plaintiff's worker's compensation, unemployment compensation, and tax records.

As to the portion of Interrogatory No. 41 that requests information regarding the plaintiff's employment prior to her employment with the defendants, the defendants claim it is relevant because she "served as a consultant prior to and during her employment with Sam's club," so they "are entitled to explore the consulting engagement [that the] [p]laintiff held prior to and during her employment with Sam's Club to consider whether, for instance, her termination afforded her greater availability to provide those consulting services." The defendants will learn whether the

4

termination afforded the plaintiff greater opportunity to provide consulting services through the plaintiff's responses regarding her income after she was terminated. The extent of her consulting services prior to her employment with the defendants is not relevant.

Next, the plaintiff is requesting attorney fees in this case. As a result, the defendants have requested that she produce her fee agreement. The plaintiff failed to respond to this request, therefore the court may consider any objection waived. However, this issue will be addressed.  If the plaintiff prevails on the merits, she is entitled to an award of attorney fees. The amount of the attorney fees is determined under the lodestar method: a reasonable number of hours times a reasonably hourly rate. Whatever fee arrangement exists between the plaintiff and her attorney is irrelevant.

The defendants are also seeking audio recordings of witness interviews in response to their Requests for Production Nos. 32-34.  The defendants have requested that the plaintiff produce all witness statements in this matter, including any recordings of statements made or taken by the plaintiff or her counsel of associates of Sam's Club. The defendants represent that the plaintiff has identified the existence of audio recordings of the interviews of Sam's Club associates Veronica Solvaias and Roxanne Dolhover. In her response to the requests for production, the plaintiff claimed that the recordings are protected by the work product doctrine.

The defendants rely on *The Manitowoc Company, Inc. v. Kachmer*, 2016 WL 2644857, at \*3-4 (N.D. Ill. May 10, 2016) where the court declined to extend the work product doctrine to verbatim audio recordings of witness interviews conducted by the party's attorney because "counsel are entitled to protect [] their work and their thoughts and their analysis of the case, not the knowledge possessed by third parties." (Emphasis in original). The court is not bound by this case and declines to follow it. The defendants have failed to show that the recordings are "(i) otherwise discoverable under **Rule 26(b)(1)**; and (ii) [] that it has substantial need for the

5

[recordings] to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." **Federal Rule of Civil Procedure 26(b)(3)(A)(i-ii)**.

Next, the defendants are requesting that the court order the plaintiff to respond to Request for Production No. 44 which seeks the following:

> Produce copies of any and all online profiles, postings, messages (including without limitation, tweets, replies, retweets, direct messages, status updates, Snap chats, Instagram posts, wall comments, groups joined, activity streams, and blog entries) photographs, videos, and online communications that
> a.  Refer or relate to the allegations set forth in the Complaint;
> b.  Refer or relate to any facts or defenses raised in the Answer;
> c.  Reveal, refer, or relate to any emotion, feeling, or mental state; or
> d.  Refer or relate to any of the damages allegedly suffered by Plaintiff.

[DE 102-7 at pg. 22]. The defendants argue that this information is relevant to her mental state which is at issue in this case.  They claim that "without the plaintiff's social media information, which could reasonably be expected to reveal or refer to emotions, feelings or mental states – as well as events that could reasonably be expected to produce a significant emotion, feeling, or mental state – she experienced before, during, and after the time period of the allegations in her Complaint, the defendants have no means of exploring her alleged injuries and damages whatsoever." [DE 102 at pg. 17].

The plaintiff claims that she did respond to this request for production. Her response, which was provided as an exhibit to the instant motion, stated: "Objection. This request calls for attorney work product, and Defendants' request is overbroad, vague, and unduly burdensome in that it does not have a time limit, nor does the request identify any subject matter. Defendants'' request is an invasion of privacy." [DE 102-7 at pg. 22].  The plaintiff supplemented her answer but maintained that the request was overbroad to the point that the plaintiff "[could] not know what documents may or may not 'refer or relate to any facts or defenses raised in the Answer.' Defendants don't even bother to specify which Answer they are referring to when or which defense they are referring

to. This request is nothing more than a blanket fishing expedition." [DE 105-2 at pg. 6].

As an initial matter, the plaintiff's contention that this request is the subject of attorney work product is incorrect. Part of this request is overly burdensome and broad. Specifically, producing any social media activity that revealed, referred, or related to any emotion, feeling, or mental state of the plaintiff is excessive. The relevant social media activity would be the activity that "refers or relates to any of the damages allegedly suffered by the plaintiff." This would encompass activity, if any, relevant to the plaintiff's emotional and mental state as it relates to this case. The plaintiff's objection regarding invasion of privacy is simply a nonstarter. Posting on public social media platforms eliminates the intention of keeping communications private.

Additionally, the court finds that placing a temporal limitation on this information is necessary. Therefore, the court **ORDERS** the plaintiff to produce social media activity as it relates to "a", "b", and "d" of Request for Production No. 44 from 2015, the beginning of the plaintiff's employment with the defendants, through June 18, 2020, the date the Fourth Amended Complaint [DE 49] was filed.

Next, the defendants argue that the plaintiff's responses to Requests for Production Nos. 2-21 and 24-29 were insufficient. The defendants claim that these requests seek various documents that support, reference, or relate to specific allegations in the plaintiff's complaint or amended complaint. The plaintiff's response to each request was that the related documents are already in the defendants' possession. However, the defendants argue that it is not clear what documents correspond to each request. The plaintiff has not responded to this request. Accordingly, the plaintiff is **ORDERED** to fully respond to Requests for Production Nos. 2-21 and 24-29 and attach the appropriate document to each request, or if it has already been produced, specifically indicate what and where that document can be located.

Lastly, the plaintiff filed a Motion to Submit Surreply to Defendants' Reply in Support of

Defendants' Motion to Compel [DE 106] requesting that the court grant her leave to supplement her response to the Motion to Compel on the topic of sanctions.  The court declines to address the issue of sanctions at this time, so the Motion [DE 106] is **DENIED as moot**.

For the foregoing reasons the Motion to Compel Depositions [DE 100] is **GRANTED in part and DENIED in part,** and the Motion to Submit Surreply [DE 106] is **DENIED as moot**. The plaintiff is **ORDERED** to fully respond to the above discussed interrogatories and requests for production within **28 days** of this Order.

ENTERED this 1st day of November, 2022.

/s/ Andrew P. Rodovich
United States Magistrate Judge

8